RUDOLPH ZAJIC, Respondent, v. JOSEPH ZAJIC, Appellant.— In an action for a partnership dissolution and accounting, order and judgment modified on the facts by striking out the first, second, fourth and seventh decretal paragraphs; by inserting a paragraph providing that the motions to confirm the official referee's report and to settle the receiver's account be denied; by striking the figures $1,950 from both the third and fifth decretal paragraphs, and substituting in both places the figures $456.41; and by striking the following words and figures from the fifth decretal paragraph: " and Ninety-two and 79/100 ($92.79) dollars, as ordered in paragraphs numbered 3 and 4 of this Final Order plus costs and disbursements awarded to the Plaintiff upon entry by the County Clerk of Queens County in his Office." As thus modified, the order and judgment (one document) is unanimously affirmed, without costs to either party. Findings and conclusions are reversed. This court finds (1) that toward the purchase price of the three properties in suit, each partner contributed one-half; (2) that each party made frequent contributions to the other, not shown in the account, to adjust the equitable shares of the expenses; and (3) that toward the maintenance and other expenses of the Astoria and Woodside properties each partner contributed one-half, except that appellant is indebted to respondent thereon in the sum of $456.41. The motion for the settlement of the receiver's account should not have been granted. No vouchers or verifications were submitted in substantiation of the amounts paid out. It was not proper to pay a management fee for this property, nor was it proper to pay the fee of the accountant retained by respondent in this action. The statement of receipts and proper items of expense indicates a surplus, to one-half of which appellant is entitled. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.